# THE NAVAJO NATION

## Plaintiff-Appellee

vs.

## MARIE FRANKLIN

## Defendant-Appellant

Decided on March 14, 1977

Herman Light, District Prosecutor, Shiprock, New Mexico, for Plaintiff-Appellee

Kenneth Begay, D.N.A., Window Rock, Arizona, for Defendant-Appellant

Before KIRK, Chief Justice, BECENTI and BLUEHOUSE, Associate Justices

KIRK, Chief Justice

This case came on appeal from a conviction of defendant-appellant of the charge of selling liquor in violation of 17 N.T.C. 561.

We are aware that the appellant took the stand in her own behalf at her trial and made statements that tend to support her conviction. However, there are important issues presented by this case which the Court of Appeals wishes to discuss and therefore we do not choose to uphold the conviction on that basis.

The questions presented by this case are:

1. Under what conditions may the police conduct warrantless searches when it is clear that they could have gotten a search warrant in advance?

2. What is the scope of the "plain view" doctrine under Navajo law?

Neither counsel for the appellant nor counsel for the government focused clearly on these two issues in their briefs and oral argument. The facts, as best we can determine them from the imcomplete record presented to us, are the following:

1. Acting on a tip from an informer, on March 7, 1976, the police, dressed in plainclothes, went to the home of Marie Franklin to purchase liquor.

2. When they knocked on her door, Marie Franklin opened it and, after some discussion, sold the police officer liquor in violation of 17 N.T.C. 561.

3. Upon being sold the liquor, the police arrested Ms. Franklin, entered her home, and conducted an extensive search, seizing an unspecified quantity of liquor, said by counsel for the government to have been in plain view of the opened door at which the purchase was made.

In any situation in which the police have information in advance of a planned operation sufficient to establish probable cause to obtain a search warrant, they must obtain such a warrant. To allow any other practice would in effect negate the substantive protections of Title 1, Section 4 of the Navajo Tribal Code. This is the "search and seizure" section of the Navajo Bill of Rights.

The situation in this case is confused by the fact that

-146-

apparently the government is claiming that probable cause developed only at the scene and therefore a search warrant was not needed. We are not satisfied, upon examining the District Court record and after hearing oral argument, that such was the case. Even if liquor was in fact in plain view at the time of the arrest, the questions surrounding the search remain.

At the time Marie Franklin was arrested, her entire house was extensively searched. The plain-view doctrine as we apply it only permits the seizure of the thing actually in plain view, the theory being that no "search" was really necessary to reveal the evidence seized. Therefore, once the police gain access to a place to seize something they have seen while outside, they can only seize the object which was already visible and any other materials that then are in plain view of the thing being seized.

Obviously, then, the plain-view doctrine has limits. It does not authorize the police to open doors, drawers, and cabinets. Nor does this doctrine allow police to enter and search areas not within plain view of the thing being seized. The over-reaching search in this case was indefensible. However, the record is not clear as to what evidence was seized in the illegal portion of the search and whether such evidence was material to the conviction.

Therefore, this case is remanded to the District Court with instructions to hold a hearing on the following issues:

1.   Whether the Navajo Division of Law Enforcement had probable cause to obtain a search warrant in advance of the search;

2.   Whether liquor was in plain view of the officer making the purchase; and

3.   Whether any evidence seized in the illegal portion of the search was material to the conviction.

if it is determined by the District Court that the police could have gotten a search warrant but did not, or that no liquor was in plain view of the arresting officer, or that evidence seized illegally was material to the conviction, then Marie Franklin's conviction shall be reversed.

It is so ordered.

BECENTI, Associate Justice, concurring in the judgment:

I agree with the decision but I think that we should make it absolutely clear that the police would be barred from using any evidence they get from a search conducted without a warrant when they could have gotten one ahead of time.

Under our decision today, we are leaving open the possibilty that the police can simply deny that they had probable cause far enough in advance to get a search warrant. I think the burden of proof should be squarely on the government in this matter. Otherwise, this issue will constantly come up in just about every criminal case.

BLUEHOUSE, Associate Justice, concurring in the judgment:

I also concur in the result but I do want to express my strong feeling that we should avoid putting our Navajo Division of Law Enforcement in a straightjacket.

I can understand the dangers that lie in judicial approval of warrantless searches after they have happened. But that is a responsibility we judges must face up too. Of course, it is up to the government to establish probable cause and I think it will be very seldom that they could establish probable cause for searching a house without a warrant. It is not often that a policeman will spot contraband through an open door.

There are many exceptions to the requirement of a search warrant. They are all based either on the concept of "exigent" circumstances or on the notion of what is "reasonable" in a given situation, because the Fourth Amendment to the Constitution, and Clause 2 of 25 U.S.C. 1302 by reference, requires a search warrant to protect people against unreasonable searches.

This case is a bad one to use to clarify these issues because the facts were so poorly developed. That is why I agree with the opinion of the Chief Justice remanding this case to the District Court.